IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESIDEO TECHNOLOGIES, INC. AND ADEMCO INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SKYBELL TECHNOLOGIES INC.<br><br>　　　　Defendant. | Civil Action No. 1:23-cv-04295<br><br>**JURY TRIAL DEMANDED** |

**SKYBELL TECHNOLOGIES INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant SkyBell Technologies, Inc. ("SkyBell") answers the Complaint [Dkt. 1] filed by Plaintiff Resideo Technologies, Inc. ("Resideo") and Ademco Inc. ("Ademco") (collectively, the "Plaintiffs") as follows:

**INTRODUCTION**

1. Responding to the allegations of paragraph 1 of the Complaint, SkyBell admits only that Plaintiff's Complaint purports to state a claim for Breach of Contract and that SkyBell entered into a Strategic Supplier Agreement with Honeywell relating to the sale of certain products and related services. SkyBell also admits that the Strategic Supplier Agreement as amended would have expired on December 31, 2024. SkyBell denies the remaining allegations in paragraph 1.

2. SkyBell is without sufficient information or knowledge to form a belief as to the truth of the allegation regarding the date Resideo announced its intention to manufacture and sell the First Alert doorbell, and therefore denies same. SkyBell admits only that the Strategic Supplier

Agreement does not purport to be exclusive. SkyBell denies the remaining allegations in paragraph 2.

3. SkyBell admits only that it provided Ademco Inc. with notice of termination of the Strategic Supplier Agreement for material breach dated April 21, 2023. SkyBell denies the remaining allegations in paragraph 3.

4. Denied.

5. Denied.

## THE PARTIES

6. SkyBell is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies same.

7. SkyBell is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies same.

8. Admitted.

## JURISDICTION AND VENUE

9. SkyBell is without sufficient information or knowledge to form a belief as to the truth of the allegations regarding Plaintiffs' citizenship, and therefore denies same. SkyBell admits that it is incorporated in Nevada and has an office in California. SkyBell denies that the amount in controversy exceeds $75,000.

10. SkyBell admits only that this Court has personal jurisdiction over SkyBell with respect to the instant dispute.

11. SkyBell does not challenge that venue is proper in this District.

## FACTUAL ALLEGATIONS

12. Denied. The effective date of the Strategic Supplier Agreement between SkyBell and Honeywell International Inc. was January 7, 2016.

13. SkyBell admits only that it agreed to sell Honeywell certain doorbells and that the quoted language in paragraph 13 of the Complaint reflects the language of section 1 of the Strategic Supplier Agreement. SkyBell denies the remaining allegations in paragraph 13.

14. SkyBell admits only that the quoted language reflects the language of the Strategic Supplier Agreement. SkyBell denies the remaining allegations in paragraph 14.

15. Admitted.

16. SkyBell admits only that the first Amendment to the Strategic Supplier Agreement was executed on or around February 15, 2019 after Resideo Technologies Inc. spun off from Honeywell, and that the Amendment replaced Honeywell International Inc. with Ademco, Inc. SkyBell denies the remaining allegations in paragraph 16.

17. Admitted.

18. SkyBell admits only that section 2.4 of the Amendment relates to the circumstance if Supplier becomes subject to bankruptcy proceedings. SkyBell denies the remaining allegations in paragraph 18.

19. SkyBell admits only that section 2.5 of the Amendment modifies section 16.4 of the Strategic Supplier Agreement and describes a Transition Term and the parties' obligations relating thereto. SkyBell denies the remaining allegations in paragraph 19.

20. SkyBell admits only that section 2.8 of the Amendment adds a new section 5.6 to the Strategic Supplier Agreement and describes the parties' obligations under that provision. SkyBell denies the remaining allegations in paragraph 20.

21. SkyBell admits only that the Second Amendment to Strategic Supplier Agreement was made on June 26, 2020. SkyBell denies Plaintiff's interpretation of the complete scope of the Second Amendment and remaining allegations in paragraph 21.

22. Admitted, except that the specific language in the Third Amendment is "Resideo represents and warrants that it will not take bad faith, knowing and intentional action in relation to purchasing, manufacturing, using, offering for sale, selling or importing products or services that violate Supplier intellectual property rights."

23. SkyBell is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies same.

24. SkyBell is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies same.

25. Admitted.

26. SkyBell is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies same.

27. Denied.

28. Denied.

29. Denied.

30. SkyBell admits only that Resideo/Ademco has purchased doorbells from SkyBell in the past. SkyBell denies that Resideo/Ademco pay SkyBell for services that SkyBell provides relating to the doorbells. SkyBell is without sufficient information or knowledge to form a belief as to the remaining allegations in paragraph 30, and therefore denies same.

31. Denied.

32. Denied.

**BREACH OF CONTRACT**

33. Denied.

34. Denied.

35. Denied.

## PRAYER FOR RELIEF

SkyBell denies that Plaintiffs are entitled to any relief requested in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted. For example, Plaintiffs fail to set forth any factual allegations to suggest they have been damaged by the alleged breach.

2. Plaintiffs fail to allege any facts relating to Plaintiffs' purported damages. Further, to the extent that Plaintiffs have been damages—they have not—Plaintiffs failed to mitigate their purported damages.

## COUNTERCLAIMS

Defendant/Counterclaimant, SkyBell Technologies Inc., pleads and alleges the following as its counterclaims:

## PARTIES

3. Resideo Technologies, Inc. is purportedly a Delaware corporation with its principal place of business in Arizona.

4. Ademco Inc. is purportedly a Delaware corporation with its principal place of business in New York. Ademco is purportedly an affiliate and wholly-owned subsidiary of Resideo.

5. SkyBell Technologies Inc. is a Nevada corporation with a principal place of business in California.

## JURISDICTION AND VENUE

6. Resideo purports to be a citizen of Delaware as well as Arizona. Ademco purports to be a citizen of Delaware and New York.

7. SkyBell's headquarters is in Irvine, California. The amount in controversy exceeds $75,000 based upon the infringement of one or more violations of SkyBell's intellectual property

8. This Court has personal jurisdiction over Resideo and Ademco because both have purposely availed themselves of the opportunity to conduct business activities in the State of New York. Ademco identifies itself as a citizen of New York and its contacts as well as Resideo's contacts give rise or are related to SkyBell claims. In addition, Resideo and Ademco voluntarily entered into the Strategic Supplier Agreement, which provides that "[t]he construction, interpretation, performance, and enforcement of this Agreement, all transactions hereunder and the parties' relationship in connection therewith or any related claims whether founded in contract, tort or otherwise, will be governed by the laws of the State of New York, U.S.A. without regard to or application of its principles or laws regarding conflicts of laws, and excluding the United Nations Convention on the International Sale of Goods of 1980 (and any amendments or successors thereto), and the federal or state courts in New York, New York will have exclusive jurisdiction of any dispute." §24.3.

9. For the same reasons, venue is proper in this District, under 28 U.S.C. § 1391.

## COUNT ONE:

10. SkyBell repeats and realleges the allegations contained in preceding paragraphs of the Counterclaims as if set forth at length herein.

11. The Court is familiar with the standard for a breach of contract claim but "[t]o state a claim for breach of contract under New York law, 'the complaint must allege: [(1)] the formation of a contract between the parties; [(2)] performance by the plaintiff; [(3)] failure of defendant to perform; and [(4)] damages.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (quotation omitted); *Espejo v. Cornell Univ.*, 523 F. Supp. 3d 228, 237 (N.D.N.Y.

2021), on reconsideration sub nom. *Faber v. Cornell Univ.*, No. 3:20-CV-467 (MAD/ML), 2021 WL 4950287 (N.D.N.Y. Oct. 25, 2021)

12. In this matter, the parties signed the Strategic Supplier Agreement ("Contract) on December 24, 2015, later there were several amendments to the Contract signed by the parties on including amendment no. 3 to the Contract which prohibits Resideo from violating any of SkyBell's intellectual property rights:

> *Notwithstanding anything set forth herein, Resideo represents and warrants that it will not take bad faith, knowing and intentional action in relation to purchasing, manufacturing, using, offering for sale, selling or importing products or services that violate Supplier intellectual property rights.*

§2.5 of Amendment No. 3.

13. Plaintiff performed all contractual obligations that were material.

14. As shown below, the First Alert Video Doorbell was on sale at least as of June 7, 2023, as Resideo's own website includes a button to "Buy Now." As such, The First Alert Video Doorbell was for sale or at least offered for sale as of June 7, 2023.[1]

---

[1] As shown by the Wayback Machine as of June 7, 2023:
https://web.archive.org/web/20230607180827/https://www.resideo.com/us/en/pro/products/security/video-cameras/video-doorbells/vx1-hd-video-doorbell-camw-wdb/ (last visited on October 6, 2023).



15. The First Alert Video Doorbell is currently for sale online:[2]



---

[2] https://advancedsecurityllc.com/shop/security-products-2/video-cameras/first-alert-pro-by-resideo-camw-wdb-vx1-hd-video-doorbell/?utm_source=Google+Shopping&utm_medium=cpc&utm_campaign=Google&gclid=EAIaIQobChMIi-qyh_vhgQMVPjHUAR1bSgFuEAQYASABEgJDJ_D_BwE (last visited on October 6, 2023).

16. Defendants admit in its Complaint that "[n]otwithstanding its First Alert branding, Resideo developed the VX1 internally." Dkt. No. 1 at ¶26. This is subject to discovery as First Alert had access to SkyBell, SB IP, or SkyBell IP's proprietary information in meetings with SkyBell before the acquisition of First Alert. By way of example, SkyBell signed a non-disclosure agreement on or about February 2019, and First Alert admitted in writing it was looking "for a potential white label opportunity for a video doorbell, so I thought I would reach out to you." After the non-disclosure agreement was signed, SkyBell then sent pricing information to First Alert that was proprietary and pursuant to the non-disclosure agreement. As the discussions continued, additional proprietary information was disclosed to First Alert. First Alert never purchased any video doorbells from SkyBell.

17. In addition, even if true, the fact that Defendants developed the doorbell internally is more concerning given its continued access to proprietary information including designs, software code, know-how, component manufacturers, pricing, CAD drawings, schematics, Gerber files, and test results. In addition, Defendants had direct access to the contract manufacturer which was provided by SkyBell, backend firmware, software application programming interfaces (APIs), physical security keys for the backend, SkyBell's bill of materials including names of the suppliers as well as part numbers and pricing for the past eight (8) years. As such, Defendants had access to all of the user support documentation, art files, all of the code used for SkyBell's video doorbells, backend services, and cloud support materials. Given Defendant's possession of a plethora of SkyBell, SkyBell IP, and SB IP's proprietary information, Resideo then, on information and belief, used this information to get a head start on creating its own doorbell or in the alternative, directly used proprietary information of SkyBell, SkyBell IP, and/or SB IP in its new First Alert Video Doorbell. This is a breach of section 14 of the Third Amendment to the Contract.

18. On information and belief, Defendant has violated one or more of SkyBell's intellectual property rights including but not limited to its patents, copyrights, trade secrets, unfair competition, and trade dress. Defendant had access to its source code and on information and belief copied, infringed or made derivatives in violation of the Copyright Act. SkyBell keeps information about its award-winning video doorbells confidential through use of confidentiality agreements with its customers including Resideo, this information is of great value to SkyBell and on information and belief, Resideo has misappropriated trade secrets due to its access of substantially all of SkyBell's proprietary information during its 8 year customer relationship with SkyBell. Defendant through its access to this proprietary information has, on information and belief, committed unfair competition by having access and using proprietary information from SkyBell to sell is new First Alert Video Doorbell and systems that incorporate the First Alert Video Doorbell.

19. For example, SkyBell owns one of the largest video doorbell and video doorbell security system patent portfolios in the industry.

20. On information and belief, Defendants are aware of SkyBell's patents. Given the First Alert Video Doorbell is currently on sale or at the very least offered for sale, the following patents are implicated. Through the discovery process including gaining access to all requirement documents, emails related to the First Alert Video Doorbell, all source code, schematics, Gerber files, etc., SkyBell will provide examples of infringement of multiple patents owned by SkyBell. However, based upon an initial review of the publicly available documents at least found here: https://www.resideo.com/us/en/pro/products/security/video-cameras/video-doorbells/vx1-hd-video-doorbell-camw-wdb/, the following patents on information and belief are likely infringed by Defendants: U.S. Patents Nos. 7,429,924, 7,477,134, 8,193,919, 8,139,098,

8,154,581, 9,414,030, 9,516,284, 9,635,323, 11,102,027, and 11,362,853. SkyBell reserves all rights to add additional patents as discovery commences.

21. Since at least receipt of the Notice of Termination provided by SkyBell, Resideo and its subsidiaries should have placed a litigation hold on all documents relevant to the First Alert Video Doorbell, which prevents destruction of any versions of code for the doorbell, its backend, and middleware as well as any deletion of emails, schematics, Gerber files, component manufacturers and discussions therewith, requirement documents, design documents, and any document related to the technical operation of Resideo's video doorbell security system as well as its First Alert Video Doorbell.

22. SkyBell has been harmed by Defendants' intentional and knowing action in violation of one or more intellectual property rights and has sufferer damages in the form of actual damages, lost profits, punitive damages as well as any other relief allowable under the law for these intentional acts in an amount that is more than $75,000.00.

23. SkyBell seeks the right to all injunctive relief due to Defendants actions.

## JURY DEMAND

24. SkyBell demands a trial by jury of any issues so triable.

## DAMAGES

25. SkyBell seeks the following damages as a direct result of Counterclaim Defendants' actions:

    a. actual damages;

    b. costs, expenses, and interests to which it is justly entitled based on its reliance on Counterclaim Defendants' performance and representations;

    c. loss of net profits;

   d.  injunctive relief; and

   e.  any and all other relief allowed by law or in equity.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant/Counterclaimant SkyBell prays for judgment to be entered in their favor as follows:

  1.  Dismissing the Complaint, and any subsequent amendment thereto, with prejudice and entering a take-nothing judgment in Defendant/Counterclaimant's favor;

  2.  Granting full relief to Defendant/Counterclaimant as requested in its Counterclaims;

  3.  Awarding Defendant/Counterclaimant its reasonable attorneys' fees and costs of suit; and

  4.  Such other and further relief, at law and in equity, as the Court deems just under the circumstances.

Date: October 9, 2023                                      Respectfully submitted,

                                                            */s/ Jed M. Weiss*
                                                   Jed M. Weiss, Bar ID JMW-5293
                                                   **COLE SCHOTZ P.C.**
                                                   1325 Avenue of the Americas, 19th Floor
                                                   New York, New York 10025
                                                   Telephone: 212-752-8000
                                                   Fax: 212-752-8393

                                                   Gary R. Sorden (*Pro Hac Vice Forthcoming*)
                                                   Texas Bar No. 24066124
                                                   gsorden@coleschotz.com

                                                   Vishal Patel (*Pro Hac Vice Forthcoming*)
                                                   Texas Bar No. 24065885
                                                   vpatel@coleschotz.com
                                                   **COLE SCHOTZ P.C.**
                                                   901 Main Street
                                                   Suite 4120
                                                   Dallas, Texas 75202
                                                   Telephone: 469-557-9390
                                                   Fax: 469-533-1587

                                                   **ATTORNEYS FOR**
                                                   **DEFENDANT/COUNTERCLAIMANT**
                                                   **SKYBELL TECHNOLOGIES INC.**

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on October 9, 2023, to all counsel of record *via ECF* and email.

                                                   */s/ Jed M. Weiss*
                                                   Jed M. Weiss